**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SAMMY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 08-CV-0131-CVE-FHM** |
| | ) | |
| DON CHAMBERS; and | ) | |
| JAN WELLS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On March 6, 2008, Plaintiff, a state prisoner appearing *pro se*, submitted a letter stating "I'd like this letter to be noted as a formal complaint against Mayes County Jail Administration, et al. I'm filing on constitutional violations of my civil rights." (Dkt. # 1). Based on those statements, the Clerk of Court opened this 42 U.S.C. § 1983 civil rights action. By Order filed March 11, 2008 (Dkt. # 2), the Court directed Plaintiff to either pay the $350 filing fee required to commence a civil action in this Court or file a properly supported motion to proceed *in forma pauperis*, and to file a complaint complying with the Federal Rules of Civil Procedure and using the court-approved form. On March 31, 2008, Plaintiff filed a motion for appointment of counsel (Dkt. # 4). On April 3, 2008, he filed a complaint (Dkt. # 5) and a motion to proceed *in forma pauperis* (Dkt. # 6). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* should be granted. The complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted. In light of the dismissal of this matter, Plaintiff's motion for appointment of counsel shall be declared moot.

### Motion to proceed *in forma pauperis*

After reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action.  Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted.   However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$4.50** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2).  The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint.  See 28 U.S.C. § 1915(b)(1).  Therefore, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350.  28 U.S.C. § 1915(b)(2).  The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid.  Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff.  All payments shall be sent to

2

the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819,

attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this

action.  The Clerk shall send a copy of this Order to prison officials at USP Leavenworth.

## Background

Plaintiff's claims relate to treatment he received while in custody at the Mayes County Jail

("MCJ").  He asserts two (2) claims, as follows:

| | |
|---|---|
| Count I: | Access to courts. Only get 30 min. and we stay handcuffed and cannot make any copies of case law, wich (sic) is crusial (sic). Perry Sanders showed Don Chambers the consint (sic) order signed by Judge Kern and still Don Chambers would not comply. |
| Count II: | Inadequate medecal (sic) attention. I went to Jan Wells for medical care and was denied everything I asked for. I have lost approximately 30 pounds since my arivial (sic) at Mayes County Jail. Also their (sic) is a second page describing my incounters (sic) with jail physician Jan Wells. They refuse to return any bunk slips with me asking for help. |

(Dkt. # 1).  Plaintiff has enclosed an additional page providing more specific facts concerning his

claim of inadequate medical care. As his request for relief, Plaintiff asks for "$1,000,000.00 if

specific amount has to be stated now. Otherwise I need a proper medical diagnosis." (Id.)

## Analysis

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

3

monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2).  *Pro se*

pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988).

Furthermore, a district court may dismiss an action filed *in forma pauperis* "at any time" if

the court determines that the action is frivolous, malicious, or fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See

28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all

allegations in the complaint must be presumed true and construed in a light most favorable to

plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512,

1526 (10th Cir. 1988).  Furthermore, *pro se* complaints are held to less stringent standards than

pleadings drafted by lawyers and the court must construe them liberally.  Haines, 404 U.S. at 520.

Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are

supported only by vague and conclusory allegations.  Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall,

935 F.2d at 1110, the Court finds that, as discussed in more detail below, Plaintiff's claims brought

pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore,

pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint should be dismissed without prejudice.  If

Plaintiff files an amended complaint curing the deficiencies identified herein within thirty (30) days

of the entry of this Order, this matter may be reopened.

4

**A.  Count I – Access to courts**

As to Count I, Plaintiff has failed to allege supporting facts sufficient to state a claim. "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).  Significantly, however, an inmate alleging a violation of constitutional access to the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir.1996) (per curiam) (interpreting Lewis). For example, an inmate cannot bring a constitutional access to the court claim simply because that person's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

In this case, Plaintiff simply complains that he is allowed only 30 minutes and that he cannot make copies of case law.  He has made no allegation suggesting that he has in any way been hindered in pursuing a legal claim.  The Court finds that Plaintiff's conclusory allegations are inadequate to support a claim of denial of access to courts in violation of the Constitution. For that reason, Count I shall be dismissed for failure to state a claim upon which relief may be granted.

**B.  Count II – Denial of adequate medical care**

In Count II of his complaint, Plaintiff alleges he received inadequate medical care while incarcerated at MCJ.  It is well-established that "[a] medical staff's deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment." Green v. Branson, 108

F.3d 1296, 1303 (10th Cir. 1997) (quotation omitted). The deliberate indifference standard has two components:

> an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. With regard to the subjective component, allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis simply fail to establish the requisite culpable state of mind.

Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991) (citations and quotations omitted). Claims of medical negligence in a diagnosis or choice of therapy are not actionable under § 1983. See Green, 108 F.3d at 1303.  Stated another way, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also Self v. Crum, 439 F.3d 1227 (10th Cir. 2006).

Plaintiff's factual allegations indicate that he has received medical care for his complaints of stomach pain and diarrhea, but that he disagrees with the prescribed course of treatment. See Dkt. # 1. In Oxendine v. Kaplan, 241 F.3d 1272 (10th Cir. 2001), the Tenth Circuit observed that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation," id. at 1277 n. 7 (internal citations and quotation marks omitted), absent evidence the prison official "knew about and disregarded a 'substantial risk of harm' to [the prisoner's] health or safety." Id. at 1277.  Furthermore, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir.1999); see also Self v. Crum, 439 F.3d 1227 (10th Cir. 2006).  Without additional factual allegations, the Court finds that

6

Plaintiff's claim of inadequate medical care, as asserted in Count II, fails to state a claim upon which relief may be granted.

Because Plaintiff has failed to allege facts sufficient to withstand the screening process, this 42 U.S.C. § 1983 action shall be dismissed for failure to state a claim upon which relief may be granted. Should Plaintiff file an amended complaint within thirty (30) days of the entry of this Order to cure the deficiencies identified herein, this matter may be reopened.

### C. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 6) is **granted**. Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$4.50**.

2.      After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3.      Plaintiff's motion for appointment of counsel (Dkt. # 4) is **declared moot**.

4.      The complaint (Dkt. # 5) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

5.      Should Plaintiff file an amended complaint within thirty (30) days of the entry of this Order, this matter may be reopened.

6.      The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

7.      The Clerk shall send a copy of this Order to prison officials at USP Leavenworth.

**DATED** this 20th day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT